FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

GUY BRIZARD,

                Plaintiff,

-against-

DUKE TERRELL, Warden, MDC; W. VELEZ, Unit
Manager; MR. PRUDGEN, Counselor; MS. LEFORT,
Case Manager; and LIEUTENANT PASLEY,[1]

                Defendants.
------------------------------------------------------------------ X

11-CV-2274 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On April 27, 2011, Guy Brizard ("plaintiff"), currently incarcerated at the Moshannon Valley Correctional Center, filed this pro se action against several Bureau of Prison ("BOP") employees ("defendants") alleging that they failed to protect him from being assaulted by a fellow inmate during plaintiff's detention at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He claims to suffer continued health problems from the assault and seeks $6,000,000.00 in monetary damages.[2] Defendants have moved for dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND[3]

After being arrested, on June 23, 2008, for the offense for which he is currently

---

[1] Several defendants' names are incorrectly listed in the captain. The current correct and full names of the defendants are Duke Terrell, William Pridgen ("MR. PRUDGEN"), Annecia Campbell-Karim ("MS. LEFORT"), and Richard Paisley, Jr. ("LIEUTENANT PASLEY"). The court shall refer to them as such throughout this opinion.
[2] Although plaintiff presents the action as one also seeking declaratory and injunctive relief, his complaint specifies no relief of that nature, asking instead for $1,000,000.00 in "declaratory and injunctive damages." Compl. at 1, 13.
[3] The facts are taken from the complaint's well-pleaded factual allegations and additional, relevant facts asserted in petitioner's response, which the court shall consider incorporated into the complaint for the purposes of evaluating the sufficiency of the pleadings.

1

incarcerated, plaintiff was taken to the MDC. Compl. at 2. He was initially placed in the 6 North Housing Unit before being transferred to the G-43 unit, where co-defendant Berthony Lewis was housed. Id. at 2-3. The two had a "f[alling] out" when Lewis began spreading rumors that plaintiff was "a rat" and was cooperating with the Federal Bureau of Investigation to "set people up." Id. at 3. Lewis "went to inmate Rasheed Freeman, who is a well[-]known, very brutal gang leader" to ask for "his assistance in hurting plaintiff and getting him out of the Unit." Id.

As result of the rumors of his cooperation, plaintiff immediately went to Officer Carter, the duty officer, told her that he felt his life was in imminent danger, and requested that she call the operational lieutenant, who could handle the situation by transferring him to another unit. Id. Officer Carter placed a call and told plaintiff that she had talked to the Special Investigative Services ("SIS") Lieutenant Paisley, who had promised to get back to plaintiff. Id.; Pl.'s Resp. (Dkt. No. 31) at 8. However, plaintiff's discussion with Officer Carter "leaked out to the other inmates and that really gave some teeth to the rumors." Compl. at 3. On a Sunday afternoon sometime thereafter, Rasheed Freeman entered plaintiff's cell, called him a rat, and threated to hurt him. Id. The following day, plaintiff informed his lawyer of what was happening, and plaintiff's lawyer promised to call the MDC to ask that plaintiff be moved. Id. at 4. Plaintiff also reported his fears to his Case Manager, Annecia Campbell-Karim, and asked that she transfer him out of the unit. Id. Ms. Campbell-Karim told plaintiff she would try to contact the prosecutor and talk to the SIS Lieutenant again about the matter. Id. After "many weeks" passed, plaintiff returned to Ms. Campbell-Karim and demanded an update. She "seemed surprised that the SIS haven't [sic] seen plaintiff yet." Compl. at 4.

The following week, plaintiff's partner in a card game asked Freeman to take his place in

the game while he visited the bathroom. Id. Learning that he was to play as partner with plaintiff, Freeman "refused to take the guy's hand and started calling plaintiff rat and all sorts of names." Id. Plaintiff responded that he was not a rat, which angered Freeman. Id. Freeman temporarily left the area and then "came back from his cell and started hitting [plaintiff] in the head with an object and knocked plaintiff out for a couple of minutes." Id. at 4-5. When plaintiff regained consciousness, his face was bloodied and, after plaintiff alerted BOP officers as to what happened, he was taken to the hospital for stitches. Id. at 5. Plaintiff allegedly sustained injuries in the form of a broken tooth, a lump in his lower neck, and a broken nose. Id. Since the incident, plaintiff "has been suffering from constant headache, [a] hearing problem, blur[red] vision, . . . occasionally bleeding from the ear, dizziness," and depression. Id.

Following the assault, plaintiff was sent to the Special Housing Unit, where he was interviewed several times by the SIS. Id. During one of the interviews, Lieutenant Paisley told plaintiff that "he was just reviewing Freeman's file minutes before the incident," that Freeman had a violent record, and that he was "surprised that [Freeman] was allowed into the general population." Id. A week after the assault, plaintiff was transferred to the Moshannon Valley Correctional Center. Id.

## DISCUSSION

The court construes plaintiff's complaint as bringing two separate claims. Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment "was violated by the failure of the Warden Duke Terrell and his Staffs at the [MDC] to protect him from a very dangerous and vicious gang member." Id. at 6. Plaintiff purports to bring this claim pursuant to 42 U.S.C. § 1983, but such actions are only available against state actors. Because defendants are federal employees, the court construes plaintiff's complaint to assert an action

pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff also alleges that defendants were "negligent in their duty" to protect plaintiff from Freemen. Compl. at 8. The court construes this claim as one seeking recovery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq.

For the reasons below, the court finds that plaintiff states an adequate Bivens claim against defendant Paisley only and that the court lacks subject matter jurisdiction over plaintiff's FTCA claim. Accordingly, plaintiff's FTCA claim is properly subject to dismissal, as are all claims against defendants Terrell, Pridgen, and Campbell-Karim. His Bivens claim may proceed against defendant Paisley.

I. Plaintiff's FCTA Claim

   *A. Standard of Review*

As the party seeking to invoke the jurisdiction of the court, plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed. Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). For the purposes of a Rule 12(b)(1) motion, the court may consider affidavits and other materials beyond the pleadings. See J.S. ex rel. N.S., 386 F.3d at 110; Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 & n.6 (2d Cir. 2001).

   *B. The Court Lacks Subject Matter Jurisdiction*

It is well settled that, absent consent, the United States is immune from suit, as are its agencies and its officers when the latter act in their official capacities. FDIC v. Meyer, 510 U.S.

4

471, 475 (1994); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). Therefore, a waiver of sovereign immunity is a jurisdictional prerequisite to a suit against the federal government or its officers. Providing a limited waiver of sovereign immunity, the FCTA affords the sole remedy, in the form of a suit against the United States, for a "personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 1346(b)(1), 2679; Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005). In the instant case, the Attorney General has certified that defendants "were acting within the scope of their employment as employees of the United States of America at all times relevant to plaintiff's complaint." Certification of Scope of Employment and Notice of Substitution of the United States of America As Party Defendant (Dkt. No. 35). Thus, plaintiff's claim must proceed, if at all, under the FCTA, and the individual defendants are immune from any liability for any non-constitutional torts implicated in this action. Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). For FCTA purposes, the United States is substituted as a party defendant in their place. See 28 U.S.C. § 2679(d)(1); Thomas v. Metro. Corr. Ctr., No. 09-cv-1769, 2010 U.S. Dist. LEXIS 61457, at *10 (S.D.N.Y. June 21, 2010).

Having interpreted plaintiff's complaint to assert a FTCA claim against the United States, the court concludes that it lacks subject-matter jurisdiction to adjudicate it. The FTCA requires, as a jurisdictional prerequisite to suit, that a plaintiff exhaust his administrative remedies with the appropriate federal agency before filing suit. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112-13 (1993); Celestine, 403 F.3d at 82. Defendants have submitted a declaration attesting that the BOP's administrative tort claims database indicates that plaintiff did not file an administrative FCTA claim with the BOP. Decl. of Kenneth Bork (Dkt. No. 34) ¶ 3.

In his repsponse, plaintiff asserts that he "did exhaust all his administrative remedies from BP-8 to BP-11." Pl.'s Resp. at 4. The procedures to which plaintiff refers, however, are those prescribed by the BOP's Administrative Remedy Program, which must be exhausted prior to the commencement of a Bivens suit. They do not meet the separate presentment requirement of the FCTA, which is accomplished by filing a Form SF-95 with the BOP Regional Office where the claim occurred. See 28 U.S.C. § 2401; Accolla v. United States Gov't, 668 F.Supp.2d 571, 573 (S.D.N.Y. 2009). Because plaintiff failed to file an administrative tort claim with the BOP, his FTCA claim must be dismissed for lack of subject-matter jurisdiction.

II. Plaintiff's Bivens Claim

    *A. Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2d Cir. 2009). Although still subject to the facial probability standard, a pro se complaint must be construed liberally and is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); Hidalgo v. Kikendall, No. 09-Civ-7536, 2009 U.S. Dist. LEXIS 66020, at *7-8 (S.D.N.Y. July 22, 2009).

    *B. Plaintiff's Bivens Action May Proceed Against Defendants Paisley*

A prison official violates the Eighth Amendment when two conditions are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, where, as here, the claim is based on a failure to prevent harm, "an inmate must show that he is incarcerated under conditions posing a substantial

risk of serious harm." Id. Second, the allegedly responsible prison official must have a "sufficiently culpable state of mind," which the Supreme Court has interpreted as one of "deliberate indifference." Id. (citations and internal quotation marks omitted). "Deliberate indifference" to a substantial risk of harm requires "something more than mere negligence . . . [and] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. It "is the equivalent of recklessly disregarding that risk." Id. at 836. In order to be held liable for a violation of a prisoner's Eighth Amendment rights, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

Defendants do not contest that plaintiff's allegations of physical injury meet the objective prong of the deliberate indifference test, and the court finds them sufficient to survive a motion to dismiss. See Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (stating that inmates are not required "to demonstrate that he or she experiences pain that is at the limit of human ability to bear"). However, as defendants argue, plaintiff's complaint is deficient on the subjective component of the test in several respects. As regards defendants Terrell, Pridgen, and Velez, there are no specific factual allegations that could give rise to a reasonable inference that they personally knew, before the assault, that there existed a substantial risk of serious harm to plaintiff. Such personal knowledge is required for liability under Bivens to attach. Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("Because the doctrine of respondeat superior does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). With regard to defendant Annecia Campbell-Karim, plaintiff's alleged Case Manager, plaintiff's claims, if true, show that her conduct was actively

7

responsive to plaintiff's safety concerns. By plaintiff's own account, she reported his safety concerns to higher authorities and the prosecutor in plaintiff's case. Plaintiff asserts that, "[a]s somebody in a management position in a prison environment, she should have know[n] better to transfer plaintiff to another unit immediately [after] she heard the threat." Pl.'s Resp. at 8. However, any alleged failure to take more assertive action, assuming Ms. Campbell-Karim had the authority to do so, would suggest mere negligence, not deliberate indifference, on her part.

Plaintiff's only allegations that could feasibly give rise to an inference of deliberate indifference are those against Lieutenant Paisley. When construed liberally and taken in conjunction, plaintiff's complaint and his response in opposition to defendants' motion to dismiss may be read to allege that Officer Carter informed Lieutenant Paisley of the specific threat against plaintiff, that plaintiff's Case Manager did so as well, and that Lieutenant Paisley did not look into the matter for several weeks, mere minutes before the assault took place. Taking into account plaintiff's pro se status, the court finds that plaintiff's papers adequately allege that Lieutenant Paisley was deliberately indifferent to the risk that Freeman's threat, which had been communicated to Lieutenant Paisley, would cause plaintiff serious harm.

## CONCLUSION

Plaintiff's FTCA claim for negligence is dismissed for lack of subject matter jurisdiction. Plaintiff's Bivens claim may proceed against Lieutenant Paisley but is dismissed as to the remaining defendants. The Clerk of Court is directed to amend the caption to reflect that the correct name and title for "Lieutenant Pasley" is "Lieutenant Richard Paisley, Jr." and is directed to terminate from this action the remaining defendants. The parties shall proceed with discovery.

SO ORDERED.

                                                    S/Judge Ross
                                                    Allyne R. Ross
                                                    United States District Judge

Dated:       August 27, 2012
               Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Guy Brizard
# 63234-066
CI Moshannon Valley
Correctional Institution
555 I Cornell Drive
Philipsburg, PA 16866